CHARLES W. H. POTTER, GUARDIAN OF AVIS E.
WOODRUFF, v. ARI E. WOODRUFF AND
IDA A. WOODRUFF.

*Mental incompetency—Setting aside deed.*

In this case the conclusion of the circuit judge that the complainant's ward was incompetent to execute certain deeds is affirmed.

Appeal from Wayne. (Hosmer, J.) Argued May 4, 1892. Decided May 20, 1892.

Bill to set aside certain deeds because of the mental incompetency of the grantor. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*Stewart & Galloway,* for complainant.

*W. F. Atkinson,* for defendants.

MONTGOMERY, J. The bill in this case is filed by the guardian of Avis E. Woodruff to set aside conveyances made to the defendants. Miss Woodruff acquired by the will of her father 20 acres of land adjoining the city of Wyandotte, worth $3,000 to $4,000. Her father died in February, 1883. The defendant Ari E. Woodruff, her brother, and his wife (the co-defendant), immediately occupied the house, Avis remaining as an inmate of the family, and continuing to reside with the family until February, 1890, when the defendant Ari made an application to the probate court of Wayne county, asking that Avis be admitted to the asylum for the insane at Pontiac, as a county charge. This application was allowed, and Miss Woodruff has since been in the asylum. Two different deeds of the property appear to have been

made by Miss Woodruff,—one, dated July 27, 1883, to Ari E. Woodruff; and the other, dated August 4, 1887, to Ida A. Woodruff. It is claimed by the defendants that the latter deed was executed to take the place of the first, which had been previously lost.

The bill asserts that from the time Miss Woodruff was 12 years of age—a period of about 18 years—she has been subject to epileptic fits, and for a long period she has been incompetent to make a deed. This incompetency is denied by the defendants, and it is averred that the deed to Ari was executed in consideration of his agreement to support her during life. It is not pretended either that her other relatives were told about this arrangement, or that any written agreement evidencing the alleged engagement on the part of Ari was executed, but it does appear that in less than seven years the defendant shifted the burden of her care upon the public.

We have examined the record with care, and are satisfied that the complainant's averments as to the incompetency of Miss Woodruff are clearly proven by a preponderance of the testimony. The learned circuit judge, who saw the witnesses, and had every opportunity of judging of their credibility, so found, and we do not see any justification for disturbing his conclusion.

The decree below will be affirmed, with costs.

MORSE, C. J., LONG and GRANT, JJ., concurred. McGRATH, J., did not sit.